UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT P. MACDONALD, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 09-0848-CV-W-ODS-P |
| | ) | Crim. No. 06-00421-CR-W-ODS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND OPINION (1) DENYING MOTION FOR POSTCONVICTION RELIEF AND (2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Pending is Movant's motion for postconviction relief filed under 28 U.S.C. § 2255 (Doc. 1). The motion is denied.

## I. BACKGROUND

The United States charged Movant with (1) conspiracy to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §W 841(a)(1), (b)(1)(A)(viii), and 846, and (2) aiding and abetting the use of a firearm during and in relation to a drug-trafficking crime, which caused the death of Michael M. Scoville, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii), and 924(j)(1). Movant proceeded to a jury trial in front of this Court. During the trial, Movant testified in his own defense. The jury convicted Movant, finding that the amount of a mixture or substance containing a detectable amount of methamphetamine was 50 grams or more but less than 500 grams.

Movant appeared before this Court for sentencing. During that hearing, defense counsel noted that since the verdict Movant had been unable to assist in preparing for the sentencing hearing and had become delusional. Defense counsel orally moved to continue the sentencing hearing and for a competency exam, and the United States

concurred.  This Court granted the request and a forensic evaluation was completed which recommended an additional period of hospitalization and treatment.  As a result of this treatment, Movant was deemed competent to proceed to sentencing.

On June 23, 2009, Movant appeared before this Court and was sentenced to a total term of 300 months' imprisonment.  Movant did not file an appeal.  On October 13, 2009, Movant filed the instant motion seeking to vacate his conviction pursuant to § 2255.

## II.  DISCUSSION

A motion under 28 U.S.C. § 2255 may be denied without a hearing if the motion, files, and record conclusively show the movant is not entitled to relief.  A movant is conclusively not entitled to relief if the allegations, accepted as true, would not entitle the movant to relief, or if the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or are conclusions rather than statements of fact.  *Buster v. U.S.*, 447 F.3d 1130, 1132 (8th Cir. 2006).

Movant argues there was insufficient evidence to convict him of conspiracy to distribute methamphetamine.  "Generally, an alleged insufficiency of the evidence is not a ground for relief under § 2255."  *U.S. v. Johnson*, 582 F.2d 1186, 1188 (8th Cir. 1978) (citation omitted).  This is because insufficiency of the evidence is not a constitutional claim.  *Anderson v. U.S.*, 25 F.3d 704, 706 (8th Cir. 1994).  Movant contends his claim "should be protected by the exception to excuse a procedural default" because Movant is actually innocent.  However, since Movant "points to no constitutional violation that resulted in his . . . conviction or sentence, the actual innocence exception cannot apply to him."  *Id.* at 707.  Movant's sufficiency of the evidence argument fails.

Movant's other argument is that his trial counsel was ineffective for failing to raise the issue whether Movant was incompetent to stand trial.  In order to prove ineffective assistance of counsel, Movant must show deficient performance, that is, "counsel's representation fell below an objective standard of reasonableness," and actual prejudice, that is, "a reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). There is a presumption that counsel provided effective assistance. *Smith v. Lockhart*, 921 F.2d 154, 156 (8th Cir. 1990). A presumption also exists that a criminal defendant is competent to stand trial. *Branscomb v. Norris*, 47 F.3d 258, 261 (8th Cir. 1995). Nevertheless, if there is evidence raising a substantial doubt whether a defendant was competent to stand trial, the failure of trial counsel to request a competency hearing may constitute ineffective assistance of counsel. *Vogt v. U.S.*, 88 F.3d 587, 592 (8th Cir. 1996). The test for incompetence is whether a defendant has "a sufficient present ability to consult with his [or her] lawyer with a reasonable degree of rational understanding—and whether [the defendant] has a rational as well as factual understanding of the proceedings against him [or her]." *Dusky v. United States*, 362 U.S. 402, 402 (1960).

Here, the fact that Movant was found incompetent following the guilty verdict is insufficient to overcome the presumption that counsel provided effective trial representation. Movant notably does not claim that he actually *was* incompetent to stand trial, nor does he offer any evidence establishing that fact. The record demonstrates that Movant behaved rationally and coherently during the trial. Movant provided substantial testimony and was cross-examined, during which he provided lucid and intelligible responses to the questions posed. Moreover, this Court observed Movant's behavior and demeanor at trial and did not notice any actions calling into question Movant's mental state. Movant has provided no basis for concluding counsel's representation was ineffective. This argument fails.

The Court holds that Movant's motion, the files, and the records of the case conclusively show that Movant is not entitled to relief. Movant can appeal this decision to the Court of Appeals only if this Court issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability should issue only if Movant can make a substantial showing of the denial of a constitutional right or raise an issue that is debatable among jurists of reason or deserving of further proceedings. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Movant's claims fails as a matter of law, and the merits of those claims are not debatable among reasonable

jurists or deserving of further consideration. The Court declines to issue a certificate of appealability.

III. CONCLUSION

Movant's postconviction motion under § 2255 is denied. A certificate of appealability shall not issue.
IT IS SO ORDERED.

                                  /s/ Ortrie D. Smith
                                  ORTRIE D. SMITH, JUDGE
DATE: January 13, 2010                UNITED STATES DISTRICT COURT